```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

LAMAR WOODHOUSE,                :
                                :
    Plaintiff,              :
                                :
        v.                   :      CASE NO. 3:16cv726(DFM)
                                :
OFFICER G. PELLICONE, et al.,   :
                                :
    Defendants.             :

## RULING AND ORDER

The plaintiff, Lamar Woodhouse, who is self-represented, brings this action pursuant to 42 U.S.C. 1983 against New Haven Police Officers Pellicone, Vallin and Pesino. The plaintiff alleges that the defendants released a police dog to bite him after he was restrained. He claims that they used excessive force and/or failed to intervene to prevent or stop the constitutional violation. Pending before the court is defendant Pellicone's motion for summary judgment. (Doc. #26.) For the reasons set forth, the motion is granted.[1]

I.    Factual Background

The following facts, drawn from the parties' Local Rule 56(a) statements and exhibits, are undisputed unless otherwise indicated.

---

[1]This is not a recommended ruling. On August 30, 2018, the parties consented to the jurisdiction of a magistrate judge. (Doc. #41.)

On the night of November 21, 2014, the plaintiff and two companions, Leila Sanchez ("Sanchez") and Ayeshia Wright, went to Sanchez's apartment building. The front door of the building was locked so Sanchez kicked the door open. (Doc. #26-2, Defendants' Local Rule 56(a)(1) Statement of Fact ("Def. SOF"), ¶1.) The three entered and proceeded to Sanchez's third floor apartment. (Def. SOF ¶2.) After a complaint of forced entry, police were dispatched. (Def. SOF ¶11).

The three defendants (Pellicone, Pesino and Vallin) and two other officers responded and entered the building. (Pellicone Aff. ¶5; Def. SOF ¶13.) When the police arrived, the plaintiff, who was on the third floor, went down the back stairwell to the second floor. (Def. SOF ¶¶2-3.) Defendants Pellicone and Pesino went to the third floor and found Sanchez. (Def. SOF ¶14.) Pellicone and other officers detained Sanchez while they searched for other suspects. (Def. SOF ¶14.) Defendants Pellicone and Pesino searched the third floor apartment while defendant Vallin and his police K-9 went to the second floor apartment. (Def. SOF ¶15.) On the second floor, defendant Vallin and his dog encountered the plaintiff. (Def SOF ¶3.)

Defendant Vallin ordered the plaintiff to get on the floor. (Doc. #27, Woodhouse Aff. ¶10.) The plaintiff alleges that at this point, "another officer came behind defendant Vallin with his gun drawn." (Woodhouse Aff. ¶11.) The plaintiff says that as he

2

was attempting to comply with defendant Vallin's order, defendant Pesino came from the stairs and tackled the plaintiff. (Woodhouse Aff. ¶12.) According to the plaintiff, while he was lying on the ground, handcuffed, defendant Vallin released his dog, who bit the plaintiff. (Woodhouse Aff. ¶14.) It is undisputed that defendants Vallin and Pesino were present when the dog bit the plaintiff and that there were three other officers in the building.

II. Standard of Review

Summary judgment is appropriate when the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a summary judgment motion, the court "view[s] the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000). "The burden of showing that no genuine factual dispute exists rests upon the moving party." Carlton v. Mystic Transp., 202 F.3d 129, 133 (2d Cir. 2000). "When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of the pleadings, but must present sufficient evidence supporting its position 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" Connecticut Ironworkers Employers' Ass'n v. New England Reg'l Council of

3

Carpenters, __ F. Supp. 3d __, No. 3:10CV165(SRU), 2018 WL 2337126, at *2 (D. Conn. May 23, 2018)(quoting Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986)).  To present a "genuine" issue of material fact and avoid summary judgment, the record must contain contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.

Because the plaintiff is self-represented, the court reads his "papers liberally to raise the strongest arguments they suggest." Willey v. Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015). However, "unsupported allegations do not create a material issue of fact" and are insufficient to oppose a properly supported motion for summary judgment.  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

III. Discussion

Defendant Pellicone moves for summary judgment, arguing that he was not present during the plaintiff's encounter with the police dog.  Pellicone states that he was still on the third floor with Sanchez when the plaintiff was bitten.  Pellicone maintains that he neither participated in the incident, nor had the opportunity to intervene.  (Def's Ex. B, Pellicone Aff. ¶¶10-11.)  In addition to Pellicone's own affidavit, he relies on defendant Vallin's supplemental police report which says that Vallin and Pesino were the officers present when the K-9 bit the plaintiff.  (Doc. #26-2 Ex. C, Vallin's report.)

4

In response, the plaintiff contends that another police officer joined defendant Vallin on the second floor before defendant Pesino arrived. As evidence that defendant Pellicone was that officer, the plaintiff points to a police report written by defendant Pellicone. (Def. SOP ¶5.) Plaintiff's discovery responses elucidate: "I only included Officer Pellicone [as a defendant] because he wrote the incident affidavit stating he was present along with these officers during the time of the incident." (Def's SOF ¶5; Doc. #26-2, Def's Ex. A, Pl.'s Resp. Interrogatories ¶15, at 18.)

Plaintiff's interpretation of Pellicone's report is incorrect. Pellicone's narrative only says that "[u]pon going up to the 3rd floor, Officers met with Ms. Sanchez but did not find any other subjects. Ms. Sanchez was detained while we searched for the other subjects." (Def's Ex. C, case incident No. 1406053.) Contrary to the plaintiff's characterization, defendant Pellicone did not "admit to being present" when the dog was released. (Doc. #26-2, Def's Ex. A, Pl.'s Resp. Interrogatories ¶18, at 21.)

A party opposing a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving part "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue

5

for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On the record before the court, the plaintiff has not met that burden. As indicated, it is undisputed that there were three other officers in the building in addition to Pesino and Vallin. The plaintiff has not set forth specific facts to show that it was defendant Pellicone (as opposed to one of the other two officers) who was with Pesino and Vallin during the plaintiff's encounter with the police dog. Rather, he offers only speculation and conjecture. This is insufficient.

IV. Conclusion

For these reasons, defendant Pellicone's motion for summary judgment is granted.

SO ORDERED at Hartford, Connecticut this 28th day of September, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge